UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

REACH MUSIC PUBLISHING, INC. and
DAVID REEVES,

        Plaintiffs,

-v-

WARNER/CHAPPELL MUSIC, INC. and
PROTOONS, INC.,

        Defendants.

-------------------------------------------------------x

PROTOONS, INC.,

        Counterclaim Plaintiff,

- v-

REACH MUSIC PUBLISHING, INC. and
DAVID REEVES,

        Counterclaim Defendants,

- and -

REACH GLOBAL, INC. and MICHAEL
CLOSTER,

        Additional Counterclaim
        Defendants.

-------------------------------------------------------x



No.  09 Civ. 5580 (LTS)

ORDER DENYING MOTION FOR RECONSIDERATION AND
AMENDING CONCLUDING PARAGRAPH OF THE
SEPTEMBER 7, 2011, MEMORANDUM OPINION AND ORDER

        On November 1, 2011, Counterclaim Plaintiff Protoons, Inc. ("Protoons"), filed a motion for reconsideration of the Court's September 7, 2011, Memorandum Opinion and Order (the "September 7 Opinion"), which granted in part and denied in part the Counterclaim Defendants' motion to dismiss.  In its motion, Protoons asks the Court to reconsider its dismissal of

Protoons' claims for breach of contract and tortious interference. The Court has considered thoroughly the parties' arguments and submissions. For the following reasons, the motion for reconsideration is denied and, furthermore, the first concluding paragraph of the September 7 Opinion is amended as indicated below.

The background of this case is detailed in the September 7 Opinion and the October 23, 2009, Memorandum Order. See Reach Music Pub., Inc. v. Warner/Chappell Music, Inc., No. 09-CIV-5580 (LTS), 2011 WL 3962515 (S.D.N.Y. Sept. 7, 2011); Reach Music Pub., Inc. v. Warner/Chappell Music, Inc., No. 09-CIV-5580 (LTS), 2009 WL 3496115 (S.D.N.Y. Oct. 23, 2009). The parties' familiarity with the case is presumed.

The standard of review for a motion for reconsideration, found in Local Civil Rule 6.3, is the same as under Federal Rule of Civil Procedure 59(e). Local Civ. R. 6.3; Fed. R. Civ. P. 59(e); Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). The movant bears the heavy burden of demonstrating that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245 (S.D.N.Y. 1999). Moreover, Local Rule 6.3 generally precludes a movant from "advancing new facts, issues or arguments not previously presented to the court." United States v. Tillman, 07 CR. 1209 (LTS), 2009 WL 1270301 (S.D.N.Y. May 6, 2009) (internal quotations omitted). A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Nor is it a chance for a party to take a "second bite at the apple." Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008).

Protoons contends that the Court failed to consider contractual language that purported to convey exclusive rights in certain musical compositions to Protoons' successor in interest. This argument is unavailing, as the Court considered the language cited by Protoons and determined that dismissal of the breach of contract and tortious interference claims was warranted, notwithstanding the cited language. Protoons also asserts that Counterclaim Defendants breached the covenants of good faith and fair dealing implicit in the disputed contract and that the implied covenants of good faith and fair dealing necessitate sustaining the tortious interference claims. These arguments, as they are premised on the implied covenant of good faith and fair dealing, constitute new theories of the case that Protoons "failed to advance in connection with the underlying motion" and which, therefore, are not properly considered pursuant to a motion for reconsideration. See Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

In their memoranda of law, the parties seek clarification of the first concluding paragraph of the September 7 Order, which is hereby amended to read as follows:

> For the foregoing reasons, Counterclaim Defendants' motion to dismiss the Amended Counterclaims is denied in part and granted in part. The motion to dismiss is denied as to the First Counterclaim against Reeves insofar as it asserts breach of the covenant not to sue in the Songwriter Agreements; the motion is granted with regard to the breach of contract allegations based on Reeves' entry into the 2007 Agreement. The motion to dismiss is granted as to the Second Counterclaim, for slander of title. The Third Counterclaim is dismissed insofar as it asserts tortious interference with rights in relation to the Run-D.M.C.-related entities, and insofar as it alleges tortious interference based on the Reach Parties' inducement of Reeves to enter into the 2007 Agreement. The motion to dismiss is denied as to the tortious interference claim against the Reach Parties in connection with the breach of the covenant not to sue provision of the Songwriter Agreements. The motion to strike is denied in its entirety.

CONCLUSION

For the foregoing reasons, the motion for reconsideration is denied and the September 7 Opinion is amended. This Order resolves docket entry number 101.

SO ORDERED.

Dated: New York, New York
March 5, 2012

_____
LAURA TAYLOR SWAIN
United States District Judge